USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X  1:19-CV-00804 (VEC)
J.V., an infant by his father and natural guardian, MIGUEL
VASQUEZ- CASTRO and MIGUEL VASQUEZ-CASTRO,
Individually.

                       Plaintiff,                              ORDER PURSUANT TO
                                                                    LOCAL CIVIL RULE 83.2

   - against -

ACER AMERICA CORPORATION, MICRO ELECTRONICS,
INC., MICRO CENTER, INC, WISTRON INFOCOMM
TECHNOLOGY CORPORATION and PANASONIC INDUSTRIAL
SALES TAIWAN CO., LTD,

                       Defendant.
---------------------------------------------------------------X

      Upon reading and filing of the Petition of MIGUEL VASQUEZ-CASTRO, guardian of the infant, J.V. verified on the 12TH day of November 2020, the Petition of the infant plaintiff J.V. verified on the 12th day of November 2020 the Affirmation of JOSEPH T. MULLEN, JR., attorney for the infant and parent, dated the 16th day of December 2020, and all exhibits attached thereto; and it appearing that the infant is now 15 years old having been born in 2005, ~~and the infant plaintiff and their attorney having appeared before me on the~~ day of ~~20~~20, and upon all of the papers pleadings and proceedings heretofore had herein and it appearing that the best interests of the infant will be served by approval of this settlement;

      NOW, on the motion of NEIL A. ZIRLIN, attorney for the plaintiffs, it is

      ORDERED, that the aforesaid parent and natural guardian of the infant plaintiff be and hereby is authorized and empowered to settle the action against the defendants ,for the sum of $165,000.00 and it is further;

      ORDERED, that the defendant WISTRON INFOCOMM TECHNOLOGY

CORPORATION pay the aforesaid settlement sum as follows:

A. The sum of $ 58,325.78 to JOSEPH T. MULLEN, JR., ESQ., attorney for the infant plaintiff, as and for attorney's fees inclusive of all disbursements;

B. The sum of $ 4,806.59 to State of Connecticut, Department of Administrative Services to satisfy the Medicaid lien

C. The sum of $ 101,867.63 , to the aforesaid parent and natural guardian of said infant jointly with an officer of the Apple Savings Bank located at 74 Hugh J. Grant Circle, Bronx, NY 10472 to be deposited in a time account or certificate of deposit as provided hereinafter and;

ORDERED, that upon full payment of all of the aforesaid amounts, defendants and its insurers shall have no further liability herein; and it is further

ORDERED, that the funds deposited in said bank shall be held therein for the sole use and benefit of said infant, subject to the further order of this court; and it is further

ORDERED, that said bank shall place these funds in the highest interest bearing time accounts or Certificate of Deposit and said certificates and accounts shall be continuously renewed upon maturity at the highest rate of interest then available, except that the date of maturity shall not extend beyond the infant plaintiff's eighteenth birthday, and when no such time deposit or certificate of deposit account is available, the accumulated funds shall then be placed in the bank's Insured Money Market Account, and it is further,

ORDERED, that the attorney for the Plaintiffs shall serve a copy of this Order upon said bank and shall arrange for the deposit of said funds as expeditiously as is reasonably possible; and it is further

ORDERED, that there shall be no right of withdrawal from any of the aforesaid bank

<u>accounts, including any Insured Money Market Account, until the infant plaintiff's eighteenth (18th) birthday, except upon a further order of this Court, which shall be Certified by the Clerk of the Court,</u> and it is further,

ORDERED, that in the event that the balance of the aforesaid accounts and or certificates exceeds the then prevailing Federal Department Insurance Corporation Limits, the officer-trustee of said bank and the infant's guardian herein are directed to notify the court so that a further designation of an individual depository may be made in order to keep the balance of each such account and certificate within federally insured limits; and it is further

ORDERED that said bank shall pay over all monies held in the aforesaid certificates and accounts to the infant plaintiff herein upon demand and without further Court order when the infant reaches the age of eighteen (18) years upon proper presentation of proof and compliance with the bank rules of withdrawal and it is further

ORDERED that each year (or quarterly as the case may be) during the minority of the infant plaintiff upon presentation to the above named bank of a duly executed income tax return or other document showing the amount of income or estimated tax due on behalf of the infant, said bank shall provide the infant's guardian herein with checks made payable to the Internal Revenue Service and/or State and/or Municipal Taxing Authority to which said income tax is owed by said infant. However, said checks shall be only for such amounts as may be due and payable for that portion of the infant's personal income tax liability attributable to income earned on said accounts (including interest and penalties thereon) as shown on any official bill therefore issued by the taxing authority. Said check and/or checks shall identify the infant and said infants social security number in order to insure that said amounts are being made for the benefit of the infant and it is further;

ORDERED, that said bank be and hereby is authorized without further order of this Court to pay

out of the infant's bank accounts reasonable fees for the preparation of any income tax, estimated income tax, estimated income tax returns or accounting that may be required to be filed by or on behalf of the infant, said amount not to exceed $300 without the further order of the court and it is further;

ORDERED that in the event of death of said infant on or prior to the 18th birthdate of said infant, all of the aforesaid sums described in said bank shall be paid to the estate of said infant plaintiff or to the designated beneficiary of said estate in the same amount and in the same manner as hereinbefore set forth; and it is further

ORDERED, that the cause of action for loss of services and/or medical expenses of the guardian be and the same hereby is dismissed without costs and with prejudice; and it is further

ORDERED, that conditioned upon compliance with the terms of this Order, the aforesaid parent and natural guardian of the infant plaintiff, be and hereby is authorized and empowered to execute and deliver a general release and all other instruments necessary to effectuate the settlement herein; and it is further;

ORDERED, that the filing of a bond be dispensed with.

ENTER

*Valerie Caproni*  2/11/2021

VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE.